# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MELVIN CURRY, JR., :
:
      Petitioner :
:
VS. :
:
DEPARTMENT OF CORRECTIONS, : NO. 5:10-CV-490 (MTT)
:
      Respondent :
_____ : **O R D E R**

      Petitioner **MELVIN CURRY, JR.**, a prisoner at the Bleckley Probation Detention Center ("BPDC"), has filed a petition for writ of habeas corpus. Plaintiff alleges that the Georgia Department of Corrections did not grant him credit for 316 days served in the state prison system prior to his confinement at the BPDC.

      It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. ***See Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under § 2241 as well as § 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

      The Eleventh Circuit Court of Appeals recently held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a

claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.

*Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner states that on November 3, 2010, he filed a mandamus action in the Superior Court of Bibb County, which is presently pending. If petitioner receives an adverse result in the Superior Court, exhaustion further requires that he file a direct appeal to the Georgia Supreme Court. *See* O.C.G.A. § 5-6-35. Until petitioner completes this process, his federal habeas petition is premature.[1]

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2] Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

**SO ORDERED**, this 21st day of December, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[1] Petitioner indicates that he also filed a "Motion to Modify Judgment" in the Superior Court of Bibb County. Said filing does not satisfy the above exhaustion requirements.

[2] Under Rule 4, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition.